104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In re Charles KOWAL, Joan C. Howard, William Steiner, M.E.
Lifshitz, Mark Gardy, Steven F Horowitz, Dina Horowitz,
Douglas Ominsky, Andrew Ominsky, Albert Ominsky, Donald B.
Lewis, Bruce G. Murphy, Peter R. Herold, Wai Chinn, Petitioners.
Charles KOWAL, et al., Plaintiffs,
v.
DOE CORPORATION, Defendant.
 No. 96-3121.
 United States Court of Appeals, Second Circuit.
 Dec. 10, 1996.
 
 APPEARING FOR APPELLANT: JOSEPH H. WEISS, ESQ. NEW YORK, NEW YORK
 APPEARING FOR APPELLEE: EVAN R. CHESLER, ESQ. NEW YORK, NEW YORK
 S.D.N.Y.
 MANDAMUS DENIED.
 Before WALKER and LEVAL, Circuit Judges and STANTON,* District Judge.
 Petition for a writ of mandamus and for an order granting a stay pending the issuance of a writ of mandamus from the United States District Court for the Southern District of New York.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Rakoff, J.), and was argued.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for the writ of mandamus is DENIED.
 
 
 2
 The petitioner's motion for mandamus is denied based on our view that petitioner has not clearly established that an expert's disclosure of confidential sources constitutes compelled disclosure of privileged information when the expert may avoid revealing the information altogether by simply declining to proceed as an expert in the litigation. See In re Steinhardt Partners, 9 F.3d 230, 233 (2d Cir.1993) (mandamus petitioner must demonstrate "clear and indisputable right to the issuance of the writ, amounting to a clear abuse of discretion or a usurpation of judicial power").
 
 
 3
 If, as a result of the decision by the district court that the confidential sources of the expert must be disclosed if the expert is to testify, the expert is forced to withdraw as a witness, we are confident that the district court will give full consideration to arguments that plaintiffs be given sufficient time to find a replacement expert, whether or not it necessitates a brief adjournment of the trial date.
 
 
 4
 We deny the petition for a writ of mandamus.
 
 
 
 *
 The Honorable Louis L. Stanton of the United States District Court for the Southern District of New York, sitting by designation